UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ROLLINS and CLOTILDE ROLLINS, | ) ) Case No. CV 07-275-S-EJL-CWD ) |
| Plaintiffs, | ) ) |
| vs. | ) MEMORANDUM DECISION AND ) ORDER ) |
| BLAINE COUNTY; BOARD OF COMMISSIONERS OF BLAINE COUNTY, IDAHO; and TOM BOWMAN, SARAH MICHAEL, and DENNIS WRIGHT, individually and as members of the Board of Commissioners of Blaine County, Idaho, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

At its heart, this is a dispute between neighbors and the Board of Commissioners in the tiny enclave of Blaine County, Idaho, over a family's desire to build a home. Plaintiffs Michael and Clotilde Rollins ("Rollins") own real property in the East Fork Subdivision located in Blaine County upon which they wanted to build a residence. Brian Poster, a neighbor, has endeavored to halt the progress of construction by appealing the Blaine County Planning and Zoning Administrator's decision to issue a building permit for the construction of a residence on the Rollins's lot. As a result of Mr. Poster's appeal, the Board of Commissioners of Blaine County

MEMORANDUM DECISION AND ORDER - 1

("Board") decided to halt further construction, and this lawsuit ensued against Blaine County, the Board, and three of its commissioners.

Before the Court are Defendants' Motion to Abstain (Docket No. 11), Plaintiffs' Motion for Partial Summary Judgment (Docket No. 14), and Defendants' request under Fed. R. Civ. P. 56(f) for additional time to conduct discovery in response to Plaintiffs' summary judgment motion (Docket No. 17). The Court heard oral argument on May 22, 2008, and at the conclusion of the hearing took the matters under advisement. After carefully reviewing the record and the briefs, including the parties' supplemental submissions (Docket Nos. 21–25), the Court issues the following Memorandum and Order granting Defendants' Motion to Abstain.

## I.
## Background[1]

The Rollins own a building lot within a single-family residential zoning district located at 107 East Fork Road in Blaine County, Idaho. They intended to build a residence on the lot. On June 18, 2004, Mr. Rollins sent a request to the Blaine County Planning and Zoning Administrator ("Administrator") seeking an administrative decision regarding compliance with the Mountain Overlay District ("MOD") as to whether his property was subject to its requirements. On July 6, 2004, the Administrator determined that the property was not within the MOD because the northern portion of the property consisted of a bench, therefore exempting the property from the MOD because it was not part of a hillside slope.

On November 9, 2004, in reliance upon the July 6, 2004 administrative decision, Mr. Rollins filed a permit request to construct an access drive and prepare the building site, which

---

[1] Because the Motion for Summary Judgment is not yet ripe due to Defendants' Rule 56(f) request, the facts were gleaned from the admissions contained in the Answer to the Complaint. Docket Nos. 1, 8.

MEMORANDUM DECISION AND ORDER - 2

was granted.  In December 2004, Mr. Rollins began excavation, and on December 17, 2004, he submitted a building permit application to construct a residence.  On December 20, 2004, during an application hearing before the Board, the Commissioners determined that the Rollins development could proceed in reliance on the Administrator's prior determination.

On December 28, 2004, Mr. Poster filed an appeal of the Administrator's July 6, 2004 decision, which the Commissioners rejected as untimely.  On January 10, 2005, Mr. Poster's attorney requested that the Administrator send him written notice if any building permit for the Rollins's property were later issued.  The Rollins did not receive a copy of this letter.

In response to a January 20, 2005, letter from the Administrator, the Rollins submitted revised building plans complying with setback requirements.  The Rollins next received a letter dated January 25, 2005, from the Blaine County Prosecuting Attorney, stating that further improvements on the property would be undertaken at their own risk because Mr. Poster had already filed a state court lawsuit against Blaine County and would likely appeal any further permits.  Despite receiving this letter, the zoning review continued through February 11, 2005, and the Rollins continued to develop their property.  At no time during the review period did the Administrator conclude that the Rollins's property was subject to the MOD.

The Rollins submitted plans for a redesigned retaining wall on March 15, 2005, which were approved on April 5, 2005.  A separate building permit was then issued for the wall.  In response, on April 6, 2005, Mr. Poster filed a written Notice of Appeal and Request for Stay appealing the issuance of the building permit for the retaining wall.  Shortly thereafter, on April 21, 2005, a building permit was issued for the construction of the residence, which decision Mr. Poster appealed on April 26, 2005.

MEMORANDUM DECISION AND ORDER - 3

Mr. Poster's two appeals were consolidated for a hearing before the Board on May 26, 2005. In a written decision dated June 23, 2005, the Board stated that the Administrator's February 11, 2005, determination of zoning compliance was preliminary and did not become final until the two building permits were issued on April 5 and April 21, 2005. Therefore, the Board determined that Mr. Poster's appeals were timely. The Board concluded in its decision that the Rollins's property was subject to MOD requirements, and it reversed the Administrator's zoning determination. The Board therefore required a site alteration permit before further work could take place on the Rollins's residence. Woolley Aff., Ex. D, Docket No. 14-6.

The Rollins petitioned the district court for the Fifth Judicial District for review. *Rollins v. Blaine County*, No. CV 05-592, Woolley Aff. Ex. A, Docket No. 14-6. On October 18, 2006, Judge Elgee issued a decision determining:

> Poster was never a person aggrieved by a written decision of the zoning administrator, either at the time the administrator determined Rollins property was outside of the Mountain Overlay District, or at the time he appealed from the issuance of Rollin's [sic] building permits. Even if he was a proper party to an appeal, Poster's first appeal of the Mountain Overlay determination was not timely and it became final. Rollins property, therefore is outside of the Mountain Overlay District. Even if the *permit* appeals were properly before the Board of Commissioners, Rollins had by then established a non-conforming use and a vested right to the April 6, 2005 and April 21, 2005 building permits.

*Rollins v. Blaine County*, No. CV 05-592, slip. op. at 26 (Idaho D. Ct. Oct. 18, 2006) (Decision on Petition for Judicial Review), Woolley Aff. Ex. A, Docket No. 14-6. The district court's decision vacated the prior determinations of the Board that denied the Rollins's building permits. Blaine County appealed the district court's decision to the Idaho Supreme Court, where it is pending review. Woolley Aff., ¶ 7, Docket No. 14-6. The district court denied Blaine County's

MEMORANDUM DECISION AND ORDER - 4

motion to stay construction pending appeal.  Castleton Aff., Ex. C, Docket No. 11-3.  According to the parties' post-hearing submissions, the earliest date a decision might be rendered in the state court matter would be February 2009, although it could be much later if the parties receive further extensions of the briefing schedule.  Docket Nos. 24, 25.

In their Complaint pending before this Court, the Rollins assert that the Defendants' actions constitute a temporary taking under the Fifth Amendment requiring fair compensation.  They also assert under 42 U.S.C. § 1983 that the Defendants deprived the Rollins of their substantive and procedural due process rights, as well as their equal protection rights under the Fourteenth Amendment and under Article I §13 of the Idaho Constitution.  Finally, the Rollins request an injunction prohibiting Blaine County from requiring them to renew their building permit to complete the house.

## II.
## Discussion

**A.     Defendants' Motion to Abstain.**

The Board[2] argues abstention is appropriate under the *Pullman* abstention doctrine, which permits federal courts to abstain from deciding controversies properly before it when unsettled issues of state law must be resolved before a federal constitutional question can be decided.  Mem. at 5, Docket No. 11-2; *see also Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 792, 801 (9th Cir. 2001) (discussing *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941)).  The Board contends that the issues currently on appeal to the Idaho Supreme Court for resolution, which include a determination whether the state district court

---

[2] The Court intends to include all Defendants by its collective reference to the Board.

MEMORANDUM DECISION AND ORDER - 5

properly interpreted Blaine County's zoning ordinances, would potentially moot the constitutional issues pending before this Court. If the Idaho Supreme Court decides that the district court erred and that the Board acted correctly, then it follows that the Rollins's claims for damages and violation of their constitutional rights would be moot. Mem. at 5, Docket No. 11-2.

Conversely, the Rollins argue that the criteria for *Pullman* abstention have not been met. They argue that the land use planning issue before the Board does not raise "sensitive" constitutional issues, that the state law issues are not unclear, and that it is highly unlikely the Idaho Supreme Court will overturn Judge Elgee's decision. Resp. at 4, Docket No. 15. Notably, Plaintiffs point out that several decisions with facts similar to this case have concluded that abstention is appropriate when considering land use issues, but argue that their case is distinguishable because the answers under state law are not uncertain. Resp. at 4, Docket No. 15. The Rollins also argue that abstention is not appropriate because, regardless of the Idaho Supreme Court's decision, they will continue to have one or more federal constitutional claims. They contend that, even if the court decides the district court's decision was incorrect and the Board therefore correctly interpreted its own ordinance, the Rollins will continue to prosecute this action against the Board for federal constitutional violations for the manner in which the Board applied the ordinance.

Despite the Rollins's attempt to distinguish the cases cited in their brief, the Court believes abstention is warranted in this case. Under *Pullman*, abstention is appropriate in cases presenting a federal constitutional issue that may be mooted or presented in a different posture by a state court determination of pertinent law. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). In the Ninth Circuit, three tests must be met if a case

falls within this category of the abstention doctrine. *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092, 1094 (9th Cir. 1976). First, the complaint must touch a "sensitive area of social policy upon which federal courts ought not to enter unless no alternative to its adjudication is open. [Second,] constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy. [And third, the] possibly determinative issue of state law is doubtful." *Rancho Palos Verdes Corp.*, 547 F.2d at 1094.

Generally, courts have held that land use planning is a sensitive area of social policy meeting the first requirement. *See Pearl Inv. Co. v. City and County of San Francisco*, 774 F.2d 1460, 1463 (9th Cir. 1985) ("We often have held that land use planning questions 'touch a sensitive area of social policy' into which the federal courts should not lightly intrude."); *Sederquist v. City of Tiburon*, 590 F.2d 278, 282 (9th Cir. 1978) ("Federal courts must be wary of intervention that will stifle innovative state effort to find solutions to complex social problems."). Contrary to the Rollins's assertion, the fact that this case does not involve race or state wide land use issues is not a point of distinction.

In *Pearl*, *Sederquist*, and *Rancho Palos Verdes Corp.*, the plaintiffs all contended that a city's or county's local land use regulations protecting open space prevented them from developing their land, much like the Rollins's complaint in this case. For example, the plaintiffs in *Sederquist* argued that the city appropriated their land by including their only access road in the open space element of the city's general plan, and in that case there was no question that the first criterion favoring abstention had been met. *Sederquist*, 590 F.2d at 281. In this case, the Rollins argue that the Board's decision revoking their building permits under the county's zoning laws constitutes a temporary taking. In effect, the Rollins argue that the County has

MEMORANDUM DECISION AND ORDER - 7

temporarily appropriated their land by interpreting the zoning regulations to require them to comply with MOD requirements and obtain a site alteration permit before they may continue construction. Compliance with land use regulations affecting hillside areas in the mountains surrounding Blaine County is no less sensitive an issue of social policy than open space requirements in the coastal enclaves of California.

As for the second requirement, the Court disagrees with the Rollins's contention that the Idaho State Supreme Court's decision will not affect their federal constitutional claims. The Idaho Supreme Court might decide that the Board complied with its procedural and substantive ordinances and could reverse the state district court's decision. The state supreme court would, in that instance, be determining that the Board correctly interpreted its procedural ordinances to allow Mr. Poster's appeals as timely, and the Board's decision to revoke the permits under the MOD ordinance may be upheld. Accordingly, the federal questions of due process, equal protection, and regulatory taking may be avoided.

In that case, it is difficult to see how the Rollins could maintain their federal constitutional causes of action if the Idaho Supreme Court overturns the district court and upholds the Board's decision. In deciding whether to abstain, the Court may look at the state law issues underlying the plaintiff's federal due process claim, and if a state court adjudication would terminate the controversy, then the Court is justified in abstaining. *Pearl Inv. Co.*, 774 F.2d at 1464 (stating that the lower court was free to consider state law issues underlying the plaintiff's federal due process claims in its decision to abstain); *Rancho Palos Verdes Corp.*, 547 F.2d at 1095 (holding that the second element of abstention was met if the state court adjudication could result in termination of the controversy). The Rollins argue that if the

MEMORANDUM DECISION AND ORDER - 8

Board's decision is ultimately upheld, they would challenge the constitutionality of the ordinance as applied and on its face. But the Rollins's complaint already challenges on procedural and substantive due process grounds the procedures the Board followed in deciding to hear Mr. Poster's appeal and its decision to revoke the Rollins's building permits. The state law issues underlying the Rollins's federal claims would still be the same; and, having litigated those issues and lost, they would likely be precluded under principles of *res judicata* from relitigating them again in this Court. *See*, *e.g.*, *Manufactured Home Cmtys. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) (explaining that a final state court decision on the same issues underlying constitutional claims pending in federal court requires application of *res judicata*), *cited in Ralph Naylor Farms, LLC v. Latah County*, No. CV 07-139-EJL, slip. op. at 6 (D. Idaho May 6, 2008). *See also San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 341 (2005) (affirming the court of appeal's decision to invoke *res judicata* concerning a litigant's facial takings claim litigated in state court after it had previously abstained under *Pullman* from hearing the claim).

     Nor is the Rollins's reliance upon the decision in *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851 (9th Cir. 2007), helpful to the Court in this matter, because the issue of abstention was not decided in that case. The Rollins cited *Crown Point* for the proposition that their due process claims may still be litigated even if the Idaho Supreme Court decides in favor of the Board. In *Crown Point*, this Court dismissed the plaintiff's action wherein it alleged a substantive due process claim under 42 U.S.C. § 1983 for the city's revocation of a building permit, holding that under current Ninth Circuit authority, substantive due process claims are not permitted when the interest at stake is real property. *Crown Point Dev., Inc. v. City of Sun*

*Valley*, No. CV 05-492-EJL, slip. op. at 2 (D. Idaho Feb. 6, 2006). The Ninth Circuit reversed and remanded the matter, holding that Crown Point's substantive due process claim was not foreclosed and that the Takings Clause of the Fifth Amendment does not always preempt a matter involving a land use action alleging such a claim. *Crown Point*, 506 F.3d at 856. However, the court of appeals left the issue of stay or abstention to the discretion of the district court upon remand, noting in its opinion that the Idaho Supreme Court had remanded the initial zoning decision back to the City Council for further review. *Crown Point*, 506 F.3d at 857. *See also Crown Point Dev., Inc. v. City of Sun Valley*, 156 P.3d 573 (Idaho 2007). Ultimately, the parties in *Crown Point* stipulated to stay the matter so that they could pursue their administrative remedies, because if the city granted the plaintiff's amended plat application there would be no further need to continue litigating over the zoning decision. *Crown Point Dev., Inc. v. City of Sun Valley*, No. CV 05-492-EJL, Docket Nos. 23, 25. Because the issue of abstention was not decided in that case, it is not helpful here.

As to the third element, the Court believes that the decisions in *Pearl* and *Sederquist* support the exercise of its discretion in favor of abstention. The Rollins argue that the outcome in this case is not doubtful in light of Judge Elgee's well reasoned decision chastising the Board for its actions, and therefore the Idaho Supreme Court is unlikely to overturn the district court's order revoking the Board's decision.[3] Presented with a similar argument, the Ninth Circuit in *Pearl Inv. Co.* noted that an outcome is not "'doubtful' or 'uncertain' just because it turns on the

---

[3] The Rollins also argue that abstention is inappropriate because of the continuing emotional and economic toll that continued delay has upon them, in that construction and labor costs continue to mount. Mem. at 5, Docket No. 15. The Court notes, however, that the state district court denied the County's motion to stay construction pending the outcome of the appeal, and the Court has not been provided with any reason why the Rollins are unable to finish construction of their home. Woolley Aff., ¶ 8, Docket No. 14-5.

MEMORANDUM DECISION AND ORDER - 10

facts of the particular case.  Uncertainty for purposes of *Pullman* abstention means that a federal court cannot predict with any confidence how the state's highest court would decide an issue of state law." *Pearl Inv. Co.*, 774 F.2d at 1465.  Even though the *Pearl* court did not believe that the state laws were ambiguous or that prior precedent conflicted, it still found abstention appropriate in reliance upon its decision in *Sederquist*.  *Pearl Inv. Co.*, 774 F.2d at 1465.  In determining whether the city had abused its discretion in refusing to issue a building permit, the court stated:

> [w]hether a city has abused its discretion by refusing to issue a building permit is by nature a question turning on the peculiar facts of each case in light of the many local and statewide land use laws and regulations applicable to the area in question.  We do not claim the ability to predict whether a state court would decide that the city here abused its discretion in declining to give the Sederquists permission to pave their access road.

*Sederquist*, 590 F.2d at 282–83, *quoted in Pearl Inv. Co.*, 774 F.2d at 1465.  In this case, abstention is appropriate for the same reasons expressed in *Sederquist*, and the Court fails to see the distinction between those cases and this one that the Rollins attempt to draw.  *See also Santa Fe Land Improvement Co. v. City of Chula Vista*, 596 F.2d 838, 841 (9th Cir. 1979) (relying upon *Sederquist* in upholding a district court's abstention decision concerning open space zoning regulations).

     However, the Court will retain jurisdiction of this case.  *Santa Fe Land Improvement Co.*, 596 F.2d at 841 ("If the court abstains under *Pullman*, retention of jurisdiction, and not dismissal of the action, is the proper course.").  The Court will therefore stay the action pending final disposition of the Board's state court appeal.  Accordingly, the Court will not decide Plaintiffs' Motion for Partial Summary Judgment or Defendants' Rule 56(f) request.

MEMORANDUM DECISION AND ORDER - 11

**ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Defendants' Motion to Abstain (Docket No. 11) is **GRANTED** and this action is **STAYED** until the resolution of the state court appeal. The appellant in the state court action is ordered to inform this Court of the Idaho Supreme Court's decision within ten (10) days of receipt of a written opinion.

2) It is further **ORDERED** that, to avoid reporting this case and the pending Motion for Partial Summary Judgment as an active matter during the period of the stay, the Court will administratively terminate the above-entitled action in the Court's records, without prejudice to the right of the parties to reopen the proceedings for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of this litigation.

DATED: June 12, 2008

Honorable Candy W. Dale
United States Magistrate Judge